# 14-826-cv(L)
14-832-cv(Con)

## United States Court of Appeals
*for the*
## Second Circuit

CHEVRON CORPORATION,

*Plaintiff-Appellee*,

- v. -

STEVEN R. DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER, DONZIGER & ASSOC. PLLC, HUGO GERARDO CAMACHO NARANJO, AND JAVIER PIAGUAJE PAYAGUAJE,

*Defendants-Appellants*.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**CHEVRON CORPORATION'S RESPONSE TO DEFENDANTS-APPELLANTS' JOINT MOTION TO FILE OVERSIZED BRIEFS AND CHEVRON'S UNOPPOSED CROSS-MOTION FOR PERMISSION TO FILE OVERSIZED BRIEF**

GIBSON, DUNN & CRUTCHER LLP
*Attorneys for Petitioner-Appellee
Chevron Corporation*

200 Park Avenue
New York, New York 10166
(212) 351-4000

**CORPORATE DISCLOSURE STATEMENT**

Pursuant to Federal Rule of Appellate Procedure 26.1, undersigned counsel state that Chevron Corporation is a publicly traded company (NYSE: CVX) that has no parent company. No publicly traded company owns 10% or more of its shares.

Appellants seek a combined 50,000 words for their principal briefs in this appeal, nearly four times the limit for a principal brief set forth in Federal Rules of Appellate Procedure 32(a)(7).  While this case does contain a substantial factual record, and the judgment on appeal is supported by the district court's detailed and comprehensive written opinion, most of the evidence at trial was undisputed, and Appellants' proposal should be considered against the backdrop of the almost complete unity of issues and positions as between the two sets of appellants.  Nonetheless, Appellee Chevron Corporation ("Chevron") does not oppose Appellants' request, provided that Chevron is accorded the same total number of words (50,000) for its principal brief.  Appellants agree with this approach, offering to "consent to a similar enlargement of the page limits for Chevron's briefing."  Dkt. 61-1 at ¶ 8.

    1.  Appellants come to this Court in two groups, but they are closely aligned, and have coordinated their briefing in this and other related litigation for years.  Appellants Steven Donziger, the Law Offices of Steven R. Donziger, and Donziger & Associates PLLC ("Donziger") are in fact Steven Donziger, a New York lawyer who has been adjudicated the head of a racketeering enterprise devoted to extorting billions of dollars from Chevron through fraud, forgery, bribery, and other corrupt acts.  *See generally Chevron Corp. v. Donziger*, 974 F. Supp. 2d 362 (S.D.N.Y. 2014); *id*. at 460–64, 594 (finding that Donziger obstructed justice through the

submission of a misleading declaration). Appellants Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje (the "Lago Agrio Plaintiff Representatives" or "LAP Representatives") are Donziger's clients, co-conspirators, and allies in this effort. *See id*. at 566 n.1304; *id.* at 617–22.

Since at least 2010, Donziger and the LAP Representatives have closely coordinated their efforts to litigate in numerous U.S. court actions. *See Donziger*, 974 F. Supp. 2d at 455–65. In fact, less than a month ago, Donziger appeared in the Southern District of New York as counsel to the LAP Representatives, seeking to intervene in a related lawsuit between Chevron and Patton Boggs. No. 12-cv-9176 (S.D.N.Y.), Dkt. 82. In the district court, Appellants jointly litigated this case, routinely submitting joint motions and briefs[1] and even a single proposed pretrial order. No. 11-cv-0691 (S.D.N.Y.), Dkt. 1377. Where they elected to file separate papers, they did so in close coordination with one another. *See, e.g.*, No. 11-cv-0691 (S.D.N.Y.), Dkt. 917 at 2 n.3 & Dkt. 920 at 3 n.4 (incorporating one another's oppositions to Chevron's motion for partial summary judgment).

Appellants likewise have coordinated their prior briefing in this Court on related matters, including both their appeal in the separate *Naranjo* action, where

---

[1] *E.g.*, No. 11-cv-0691 (S.D.N.Y.), Dkt. 1888 (joint motion for stay); Dkt. 1699 (joint motion regarding admissibility); Dkt. 1665 (joint motion to strike); Dkt. 1385 (joint foreign witness application); Dkt. 1124 (joint opposition to motion to compel); Dkt. 677 (joint application for order to show cause).

2

they split the issues between their two briefs (*compare* No. 11-1150 (2d Cir.), Dkt. 163 (LAP Representatives Principal Brief), *with* No. 11-1150 (2d Cir.), Dkt. 159 (Donziger Principal Brief)), and in their serial failed attempts to have these matters transferred to another district judge.[2]

While this coordination should, as Appellants acknowledge, reduce the total number of words that Appellants collectively will need to use (*see* Dkt. 61-1 at ¶ 7), it also means that in fairness Chevron should receive the same total of 50,000 words for its principal brief—which Appellants do not oppose. Chevron will, of course, make every possible effort to file a brief substantially smaller than that.

2. Finally, Chevron must set the record straight regarding some inaccurate statements contained in Appellants' motion. Appellants assert that the proceedings below are merely a continuation of a prior, related case involving the same parties, which this Court ordered dismissed in *Chevron Corp. v. Naranjo*, 667 F.3d 232 (2d Cir. 2012) (No. 11-1150). Indeed, they go so far as to assert that the proceedings below took place "on remand" from that dismissal. Dkt. 61-1 at ¶ 3. This is not true, as has been demonstrated in prior briefing in this Court.

---

[2]   *See* No. 11-1150 (2d Cir.), Dkt. 163 at 6 (LAP Representatives' incorporation by reference of Donziger's request to reassign the case on remand); No. 13-772 (2d Cir.), Dkt. 44 (Donziger's joinder in LAP Representatives' writ petition requesting reassignment of the case on remand); No. 11-cv-0691 (S.D.N.Y.), Dkt. 167 (LAP Representatives' joinder in Donziger's motion to transfer case to another judge).

After Chevron filed suit in February 2011, the district court severed the case into two independent actions: (1) an action on a single claim under the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201, No. 11-cv-3718 (S.D.N.Y.); and (2) a separate action on Chevron's remaining claims, including RICO and fraud, No. 11-cv-0691 (S.D.N.Y.). This Court's decision in *Naranjo* disposed of No. 11-cv-3718, the DJA action, in its entirety. There were no proceedings on remand except dismissal.

The instant appeal, by contrast, arises from No. 11-cv-0691 (S.D.N.Y.). The difference is not merely administrative. To the contrary, the claim adjudicated in *Naranjo* arose from the DJA and New York's Uniform Foreign Country Money-Judgments Recognition Act ("Recognition Act"), N.Y. C.P.L.R. §§ 5301–5309, and this Court made clear that its analysis ended there as well, stating, "We decide first an issue central to all appellants: whether Chevron's theory of the Recognition Act supports the injunction it seeks. Finding that it does not, we dismiss the present claim in its entirety and therefore need not reach the appellants' remaining arguments[.]" *Naranjo*, 667 F.3d at 239. The Court acknowledged "the continuation of separate proceedings between these parties on other causes of action before the same district court judge" (*id*. at 239 n.11) and made clear that it "decide[d] only those issues that relate to the severed declaratory judgment claim and the district court's rulings thereon" (*id*. at 238 n.8). *See also id.* at 239 n.11 (stating that its

4

ruling "completely dispose[d] of the underlying action, leaving nothing further to be addressed on remand"); *id.* at 247 n.17 ("[W]e express no views on the merits of the parties' various charges and counter-charges regarding the Ecuadorian legal system and their adversaries' conduct of this litigation, which may be addressed as relevant in other litigation before the district court or elsewhere.").

In fact, this Court has already rejected Appellants' attempts to characterize this case as a continuation of *Naranjo* after "remand." In 2013, the LAP Representatives filed a writ petition from the case below challenging the district court's interlocutory rulings and seeking reassignment of the district judge, largely on the basis that the continuation of this action violated the mandate in *Naranjo*. *See* No. 13-772 (2d Cir.), Dkt. 1-1 (writ petition). In that mandamus proceeding, the LAP Representatives incorrectly claimed that this case was "the subject of a prior appeal" in *Naranjo*, and requested assignment of their petition to the *Naranjo* panel. *See* No. 13-772 (2d Cir.), Dkt. 11; *see also* No. 13-772 (2d Cir.), Dkt. 25 (Chevron's letter response explaining why this case was not the same case as *Naranjo*). The Court did not grant the LAP Representatives' request for assignment to the *Naranjo* panel, however, and instead assigned their petition to Judges Parker, Hall, and Livingston.

At oral argument on the LAP Representatives' petition, their counsel attempted several times to claim that this case and *Naranjo* were the "same case,"

5

but the panel corrected him each time. *See* Ex. A at 9 (Judge Parker: "Judge Kaplan is adjudicating a different case. He's adjudicating Chevron's RICO claim, which is another case."); *id.* at 12 (Judge Livingston: "[T]he cases were severed and the [*Naranjo*] panel expressly says we decide only those issues that related to the severed declaratory judgment claim."); *see also id.* at 6–7 (Judge Livingston: "I'm having trouble seeing . . . how the letter or spirit of our mandate [in *Naranjo*] has anything to do with the adjudication of these RICO and common law fraud claims when the prior panel expressly said, we're not reaching those."). This Court then summarily denied the LAP Representatives' writ petition. *See* No. 13-772 (2d Cir.), Dkt. 182.

Consequently, Appellants' references to *Naranjo* as "the previous appeal [that] arose at a very early stage of the proceedings" (Dkt. 61-1 ¶ 2), and their suggestion that the proceedings below were undertaken "[o]n remand" from *Naranjo* (*id.* ¶ 3), are incorrect.[3]

---

3   If this appeal is to be assigned to a panel that presided over a prior appeal, it should be assigned to the panel that affirmed the district court's orders requiring Donziger to comply with subpoenas issued under 28 U.S.C. § 1782. *See Lago Agrio Plaintiffs v. Chevron Corp.*, 409 F. App'x 393 (2d Cir. 2010) (Cabranes, Chin, & Korman, JJ.). In that case, the panel ruled that "[a]ny subsequent appeal *related to the disposition of the subpoenas referenced in this order* will be assigned to this panel." *Id.* at 396 (citing *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994)) (emphasis in original). Those subpoenas resulted in the discovery of much of the evidence presented at trial, and many of the discovery and attorney-client privilege rulings in this case—which Appellants are likely to

6

Dated: June 18, 2014
New York, New York

Respectfully submitted,

  /s/ Theodore B. Olson
GIBSON, DUNN & CRUTCHER LLP

Theodore B. Olson
1050 Connecticut Ave., N.W.
Washington, DC 20036
Telephone: 202.955.8500
Facsimile: 202.467.0539

Randy M. Mastro
Andrea E. Neuman
200 Park Avenue
New York, New York 10166
Telephone: 212.351.4000
Facsimile: 212.351.4035

William E. Thomson
333 South Grand Avenue
Los Angeles, California 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

*Attorneys for Chevron Corporation*

---

challenge in this appeal—were based directly on this Court's decision in the Donziger § 1782 appeal. Indeed, when Appellants sought to challenge one of the district court's discovery rulings in this case by filing an interlocutory appeal, that appeal was assigned to the Donziger § 1782 panel, which specifically noted its "previous *Jacobson* remand." No. 13-1878 (2d Cir.), Dkt. 79 (dismissing appeal). Because this appeal is related, in part, to the Donziger § 1782 subpoenas, it should be assigned to Judges Cabranes, Chin, and Korman.