

Gupta / Beck    *Issues & Appeals*

February 11, 2015

Catherine O'Hagan Wolfe
Clerk, U.S. Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re:    *Chevron v. Donziger* (Nos. 14-0826, 14-0832) – Supplemental authority under Rule 28(j)

Dear Ms. Wolfe:

This Court issued an opinion yesterday in *Sykes v. Mel S. Harris & Assocs.,* 13-2742-cv. Two aspects are relevant here.

*First*, the opinion "decline[d] to address" "whether RICO permits private injunctive relief," noting that this Court has "yet to decide" that question. Slip. op. 66; *see* Br. of Leucadia Nat'l Corp. 15-16 (2013 WL 5502487) (arguing that "the text and history of the RICO statute show that Congress affirmatively decided not to authorize private injunctive claims"). The Court also did not confront the narrower issue presented here: Does a RICO cause of action exist *solely* for equitable relief, absent damages? No court has held that it does.

*Second*, this Court touched on RICO's injury and causation requirements, reiterating that "RICO requires that the alleged injury to plaintiffs' 'business or property . . . was by reason of the substantive RICO violation.'" Slip op. 47. "This causation analysis," the Court explained, "will require the district court to identify (1) the property interest that is protected by RICO" and "(2) whether the injury to that interest was caused by the RICO violation." *Id.* at 47-48.

Chevron has satisfied neither requirement. As for an actual, quantifiable injury to a property interest, "Chevron makes almost no effort to actually meet" its burden. Donz. Reply 41-43. Its only candidates—the attachment of its subsidiaries' dormant Ecuadorian trademarks for industrial lubricants, and an arbitral award that Chevron is currently seeking to enforce outside Ecuador—fall well short of the mark.

As for but-for and proximate causation, Chevron is silent. "Chevron makes no attempt—none whatsoever—to meet this bedrock requirement" in its "nearly 200-page brief in this Court" and "its nearly 400-page post-trial brief below." Donz. Reply 44; *see* Donz. Br. 114-116. Chevron can't prove that it wouldn't have faced a judgment anyway, particularly in light of (a) Chevron's success in excluding the environmental evidence below and (b) the Ecuadorian appellate court's substitute judgment based on that evidence. Nor can Chevron show that any "alleged violation *led directly*" to either of its two proposed injuries. *Anza v. Ideal Steel Supply*, 547 U.S. 451, 461 (2006).

Respectfully submitted,

*/s/ Deepak Gupta*
*Counsel for the Donziger Appellants*

**Gupta Beck PLLC**

1735 20th Street, NW, Washington, DC 20009

**P** 202 888 1741    **F** 202 888 7792

**guptabeck.com**